Fabriciano, Tomasa y Francisco Cartagena, demandantes y apelados, *v.* Elías Rodríguez, Sínfora Rodríguez o Sínfora o Sinforosa Cartagena Rodríguez y José Vergara, demandados y apelantes.

Núm. 8130.—*Sometido:* Marzo 6, 1941. *Resuelto:* Mayo 6, 1941.

*José C. Rivera,* abogado de los apelantes; *Luis.Mendín Sabat,* abogado de los apelados.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Fabriciano, Tomasa y Francisco Cartagena demandaron a Elías Rodríguez, Sínfora Rodríguez o Sínfora o Sinforosa Cartagena Rodríguez y a José Vergara en solicitud de una sentencia que declarara la nulidad de ciertas inscripciones hechas en el Registro Civil y el Demográfico de Aguas Buenas y condenara a los demandados a satisfacerles dos mil dólares de indemnización y a pagar las costas del pleito y los honorarios de abogado.

A tal efecto alegaron tres causas de acción. En la primera sostuvieron que son los únicos herederos legítimos de Nicasio Cartagena López y de su primera esposa Josefa Hernández, habiendo fallecido Cartagena López en Aguas Buenas en junio 15, 1938, sin otorgar testamento; que cinco días después de su muerte la demandada Elías Rodríguez compareció al Registro Demográfico de Aguas Buenas y a virtud de falsas manifestaciones inscribió como hija legítima suya y de Cartagena López a la demandada Sínfora Rodríguez haciéndose constar en la inscripción P–326 que Sínfora había nacido en mayo 5, 1894, a sabiendas de que nació en junio 17, 1897, y fué bautizada como hija natural suya en enero 30, 1898, según consta al folio 140 del tomo 16 de Bautismos de la parroquia de los Santos Reyes de Aguas Buenas; que Cartagena López, casado antes con Josefa Hernández, con-

trajo matrimonio con Elías Rodríguez en agosto 15, 1932, y que la demandada Sínfora Rodríguez se casó en septiembre 8, 1923, con José Vergara con el nombre de Sinforosa Rodríguez con cuyo nombre ha continuado hasta el presente.

En la segunda causa de acción se reproducen los hechos expuestos en la primera y se agrega que ·el demandado José Vergara compareció al Registro Civil de Aguas Buenas y solicitó y obtuvo la inscripción de siete hijos tenidos con la demandada Sínfora Rodríguez haciendo constar falsamente que eran nietos por la línea materna de Cartagena López.

Reprodúcense en la tercera causa de acción los hechos de la primera y de la segunda y se agrega que con motivo de las indicadas falsas inscripciones los demandantes se han visto impedidos de verificar las operaciones particionales del caudal relicto por su causante Cartagena López y de recibir las participaciones que en el mismo les corresponden sufriendo perjuicios que estiman en dos mil dólares.

Como uno de los demandantes—Francisco Cartagena Hernández—fuese menor de edad, se le nombró defensor con encargo de representarlo en el pleito a su hermano de doble vínculo Fabriciano.

Emplazados los demandados, presentaron una larga moción de eliminación y nulidad de juramento que fué declarada sin lugar. Dedujeron entonces excepciones previas de falta de hechos suficientes contra las tres causas de acción y, además, la de existir otra acción pendiente entre las mismas partes por la misma causa y la de indebida acumulación de acciones. Las excepciones se desestimaron por la corte en julio 21, 1939, concediéndoseles diez días para contestar.

La contestación acepta la verdad de ciertos hechos de la demanda y niega la de otros. Alega que las inscripciones se verificaron de acuerdo con la ley y que el error en la fecha del nacimiento de Sinforosa, se cometió de buena fe.

Como materia de defensa especial y de oposición a la primera causa de acción sostiene que Nicasio Cartagena López y Elías Rodríguez desde antes de 1894 y por muchos

años, siendo ambos solteros, sin impedimento para contraer matrimonio sostuvieron relaciones amorosas naciendo como consecuencia de ellas Sinforosa, conocida por Sínfora Cartagena y Rodríguez que fué siempre tenida por Cartagena López como su hija en público y en privado; que Cartagena López contrajo matrimonio en julio 29, 1901, con Josefa Hernández, matrimonio que subsistió hasta la muerte de la esposa ocurrida en julio 21, 1928, y que en agosto 15, 1932, Cartagena López y Elías Rodríguez legalizaron su situación contrayendo matrimonio y quedando de tal modo legitimada su hija Sinforosa a virtud de lo dispuesto en el artículo 180 del Código Civil, ed. 1911.

Como materia de defensa especial y de oposición a la segunda causa de acción alega que desde agosto 15, 1932, no sólo quedó legitimada Sinforosa con derecho a usar el apellido Cartagena si que también sus hijos habidos en su matrimonio con José Vergara.

Y como materia de defensa especial y de oposición a la tercera causa de acción sostiene que no aduce hechos suficientes para determinarla.

El 18 de agosto de 1939 se celebró el juicio y el pleito quedó resuelto por sentencia de septiembre 21 en la siguiente forma:

"... la corte declara con lugar la demanda por entender que Sínfora Rodríguez, conocida hoy por Sínfora Cartagena Rodríguez, no era hija natural de Nicasio Cartagena y que al inscribirla Elías Rodríguez como hija legítima de aquél, lo hizo violando las disposiciones del Capítulo 4, libro 1 del Código Civil vigente, por tal razón se declaran nulas y sin valor alguno las inscripciones que aparecen en el Registro Demográfico de Aguas Buenas bajo los números P-326, 706 y 501, así como las inscripciones que aparecen en el Registro Civil del mismo municipio, a los folios 341, 538, 392, 349, 78, tomos 29, 30, 31, 32 y 34 de la sección de nacimientos, condenando a los demandados a pagar solidariamente a los demandantes la cantidad de $500 por daños y perjuicios, con más las costas, gastos y $150 por concepto de honorarios de abogado."

Contra esa sentencia se interpuso el presente recurso de apelación cuya vista tuvo lugar el seis de marzo último. Doce señalamientos de error contiene el alegato de los apelantes como cometidos por la corte los dos primeros al declarar sin lugar su moción de eliminación y nulidad de juramento y al desestimar sus excepciones previas; los cinco siguientes al admitir en evidencia la relación del caso y opinión en el pleito núm. 14,105, de Humacao, la partida de bautismo de Sinforosa Rodríguez, cierta certificación negativa del Registrador Demográfico de Aguas Buenas y siete certificaciones de nacimiento englobadas; el octavo, el noveno y el décimo, al no admitir en evidencia la declaración de su testigo Laurentino Vargas, al eliminar del récord lo que Nicasio Cartagena dijera a Vargas con respecto a su intención de legitimar a su hija Sinforosa y en general al no admitir declaraciones de testigos de los demandados; el once al dictar sentencia movido por pasión, prejuicio y parcialidad contra la demandada Elías Rodríguez y el doce al condenar a los demandados al pago de quinientos dólares como indemnización y al de las costas y honorarios de abogado.

▆▆ Según la opinión que del caso hemos formado, el recurso debe prosperar por haberse cometido los errores octavo al décimo que serán los únicos que estudiaremos por escrito extensamente. Con respecto a los dos primeros bastará decir que el error que pueda haberse cometido al no decretarse las eliminaciones solicitadas no es aparente ni perjudicial, que el juramento si bien imperfecto no es nulo y que la demanda aduce hechos suficientes porque si en verdad las inscripciones se hicieron sin base y con malicia su nulidad debe decretarse y si con ello se entorpeció a los legítimos y únicos herederos en la liquidación de la herencia, causándoseles los consiguientes perjuicios, tienen derecho a ser indemnizados. Los cinco errores sobre admisión de evidencia, tampoco son aparentes dado el propósito de los demandantes al introducir los documentos y el alcance probatorio que los mismos tienen, y la comisión de los dos últi-

mos puede aceptarse como consecuencia de la de los octavo al décimo sin que haya que decidir sobre la imputación de pasión, prejuicio y parcialidad que se hace al juez sentenciador.

Los errores 8 y 9 se señalan por los apelantes, así:

"8º. La corte apelada cometió error al no admitir en evidencia la declaración del testigo de los demandados Sr. Laurentino Vargas, en su carácter de Ministro Evangélico, con respecto a todo lo que realmente le declaró Nicasio Cartagena sobre sus propósitos al resolverse a contraer matrimonio con Elías Rodríguez, etc.

"9º.—La corte apelada cometió error al ordenar que se eliminase del récord la declaración que le hiciera Nicasio Cartagena al testigo de los demandados Sr. Laurentino Vargas, Ministro Evangélico, con respecto a su intención de legitimar a su hija Sinforosa, sin haber solicitado la eliminación la parte contraria."

Y consta de la transcripción de evidencia en relación con ellos lo que en seguida expondremos.

Después de referirse detalladamente el abogado de los demandados a su defensa especial a la primera causa de acción, llamó a declarar al testigo Laurentino Vargas y ocurrió lo que sigue:

"DEMANDADO: ¿Cómo se llama Ud.?

"R.—Laurentino Vargas.

"P.—¿Conoció Ud. a don Nicasio Cartagena?

"R.—Por espacio de veinte años.

"P.—¿Conoce Ud. a doña Elías Rodríguez?

"R.—El mismo tiempo.

"P.—¿Y conoce a doña Sinforosa Cartagena Rodríguez por el mismo tiempo?

"R.—No por el mismo tiempo; menos, como 15 años.

"P.—¿A qué se dedica el testigo?

"R.—Soy ministro evangélico.

\*       \*       \*       \*       \*       \*       \*

"P.—¿En qué año lo conoció por primera vez?

"R.—Desde el año 1919.

"P.—¿Dónde vivía él entonces?

"R.—En el Barrio Bayamoncito de Aguas Buenas.

"P.—¿El vivía casado o con alguna señora o en qué forma vivía él?

"R.—Cuando yo le conocí personalmente en el 1919, le conocí viviendo con doña Elías Rodríguez; no eran casados.

"P.—¿Se refiere Ud. a esta señora que está aquí?

"R.—Sí, señor.

   *        *        *        *        *        *        *

"P.—¿Ud. sabe si para esa fecha él era casado con otra señora?

"R.—No lo sabía.

"P.—¿Pero lo supo después?

"R.—Supe después que se había casado viviendo con ella. Nunca conocí a la señora de él.

"P.—¿Pero lo supo después?

"R.—Sí, señor. Ya tenía hijos en doña Elías Rodríguez.

"P.—¿Cuántos?

"R.—Uno.

"P.—¿Cuál era el hijo?

"R.—La hija, Sínfora . . .

"P.—¿Sinforosa?

"R.—Entonces Sínfora Rodríguez.

   *        *        *        *        *        *        *

"P.—¿Cómo supo Ud. que la señora era hija del señor Nicasio Cartagena?

"R.—Porque me lo dijeron ellos mismos.

"P.—¿Quién se lo dijo?

"R.—La señora Elías Rodríguez y el difunto Nicasio Cartagena y otros amigos.

"DEMANDANTE: Pedimos la eliminación de lo que le dijera el difunto.

"SR. JUEZ: ¿Qué dice el testigo?

"DEMANDADO: Las manifestaciones que le hizo el difunto.

"SR. JUEZ: La corte quiere preguntar a ambos letrados, si puede admitirse evidencia oral contra evidencia documental con respecto a la inscripción de una persona en el registro demográfico.

"DEMANDADO: Hay dos medios para que una persona pueda reclamar la inscripción de un hijo ilegítimo a reconocido o legítimo, una es la que se ha traído ante la corte y la otra es por declaración del padre.

"SR. JUEZ: Entonces huelga lo que el testigo ha dicho aquí. Si hay prueba documental en cuanto a la inscripción de Sínfora o

Sinforosa Rodríguez, inscripción que se verificó a solicitud de la madre, ¿cómo se va a destruir con evidencia oral?

"Demandado: Aparece después inscrita como hija de Nicasio Cartagena.

"Sr. Juez: La corte no puede admitir evidencia que no sea admisible. Si esta señora, que es una de las partes aquí, que es demandada, Elías Rodríguez, ¿cómo ella va a atacar su propia conducta habiendo comparecido en el 1898 a inscribir una hija natural como suya?

"Demandado: Eso no es óbice en absoluto para que ahora adopte la actitud que está ahora adoptando. Esta es una defensa nuestra. La parte demandante alega que la inscripción se hizo falsamente, y nosotros vamos a probar que se hizo en virtud de un matrimonio.

"Sr. Juez: Adelante.

"Demandante: Hay evidencia documental de la inscripción de hija natural.

"Sr. Juez: Hija natural de Elías Rodríguez.

"Demandante: Hija natural de Elías Rodríguez, Sínfora Rodríguez, que así aparece bautizada e inscrita en la parroquia donde se bautizó.

\* \* \* \* \* \* \*

"Demandado: (Dirigiéndose al testigo). ¿A qué se dedicaba Ud. en el año 1932?

"Testigo: Al ministerio.

"P.—¿Dónde lo ejercía?

"R.—En Aguas Buenas.

"P.—¿Quién celebró el matrimonio de Elías Rodríguez y Nicasio Cartagena?

"R.—Un servidor.

"P.—Antes de la realización de ese matrimonio, don Nicasio Cartagena le había hablado a Ud. con respecto a. . . .

"Demandante: No conteste.

"Sr. Juez: Fundamento de la oposición.

"Demandante: El fundamento es el siguiente: si el testigo, como ministro evangélico, celebró el contrato matrimonial entre Nicasio Cartagena y Elías Rodríguez, la única prueba admisible es el documento que nosotros hemos presentado. Ninguna otra prueba de las manifestaciones hechas por Juan o por Pedro se puede traer.

"Sr. Juez: Fuera de lo que aparece de la certificación, no es admisible.

"Demandado: El testigo va a declarar con respecto a lo que le declaró Nicasio Cartagena.

"Sr. Juez: El documento habla por sí. La corte sostiene la objeción.

"Demandado: Parece que la corte no ha entendido bien las cosas.

Sr. Juez: Sí, señor, la corte ha entendido, pero parece que S. S. pretende que el testigo se refiera a otras cosas que no están en la certificación.

"Demandado: Manifestaciones hechas por el propio Nicasio Cartagena con respecto a cuál era el propósito de él al casarse. (Argumenta.)

"Sr. Juez: La corte ya resolvió. La corte no permite la declaración del testigo con respecto a este extremo.

"Demandado: Tomamos excepción, por el fundamento de que, cuando se trata del reconocimiento de un hijo natural o la legitimación de un hijo ilegítimo, se verifica de dos maneras: primero, por el·acto del padre hecho constar en documento público, y para hacer eso es necesario que el padre comparezca ante un ministro de la religión, o sea, ante un sacerdote y le diga qué es lo que él quiere hacer. El ministro está aquí para que él diga qué es lo que le dijo el difunto Nicasio Cartagena que él quería hacer para darle un nombre a la hija.

"Sr. Juez: Pero no se lo dió en un documento.

"Demandado: Por eso, porque no se lo dió en un documento, queda esto. Y mediante prueba testifical es admisible la evidencia que trata y demuestra cuál fué la intención del padre al casarse.

"Sr. Juez: La corte no admite esa evidencia testifical.

"Demandado: Nosotros tomamos excepción por los motivos dichos anteriormente.

"Testigo, tenga la bondad de explicarle a la corte todo lo que Ud. sabe.

"Testigo: El señor Nicasio Cartagena llegó a mi casa y me expresó el deseo de contraer matrimonio. Entonces yo venía a casa, al campo, donde ellos vivían y él me expresó, al llegar yo allí, el deseo que él deseaba casarse porque deseaba·cumplir con un deber moral y social y a la vez, darle el nombre a la familia, a sus hijos, puesto que tenía otros hijos más y deseaba darles los mismos privilegios. . . .

"P.—¿Le dijo algo con respecto a la hija Sínfora. . . .?

"Demandante: Nos. oponemos y pedimos la eliminación.

"SR. JUEZ: Con lugar la oposición. La corte ordena la eliminación sobre la declaración que le hiciera Nicasio Cartagena con respecto a la intención de legitimar otros hijos.

"DEMANDADO: ¿Qué le dijo él que quería hacer con respecto a esta hija?

"R.—Que era un deber social y que. . . .

"DEMANDANTE: Nos oponemos.

"SR. JUEZ: Con lugar la oposición."

El testimonio de Vargas era admisible. El error de la corte es manifiesto. La declaración del ministro no era contraria al acta de matrimonio. Tendía a explicar el propósito que tuvo Cartagena López, según sus propias manifestaciones, al contraerlo.

El número 4 del artículo 397 del Código de Enjuiciamiento Civil, ed. 1933—35 de la Ley de Evidencia—dispone que:

"De conformidad con las precedentes disposiciones, podrá presentarse en un juicio evidencia de los hechos siguientes:

    ※        ※        ※        ※        ※        ※        ※

"4. El acto o declaración, verbal o escrito, de una persona que hubiere fallecido, o se hallare fuera de la jurisdicción del tribunal, con referencia al linaje, nacimiento, ascendencia, edad, matrimonio, muerte o parentesco, de cualquiera persona relacionada por sangre o matrimonio con dicha persona; el acto realizado, o declaración hecha, por un difunto, contra su interés, respecto a sus bienes."

Y en el caso de *López* v. *López*, 47 D.P.R. 837, esta propia Corte decidió:

"Un abogado y notario que actúa no como letrado sino como notario con instrucciones recibidas de su cliente, puede declarar respecto a éstas."

Véase *Colón* v. *Sucn. Tristani*, 45 D.P.R. 227.

Y que el error cometido perjudicó a los demandados lo demuestra el siguiente pasaje de la opinión que sirve de base a la sentencia. Dijo el juez sentenciador:

"Opina la corte que la única cuestión a resolver en este caso es, si de conformidad con la prueba aportada, puede llegarse a la con-

clusión o inferirse que Sínfora Rodríguez, conocida hoy por Sínfora Cartagena, era hija natural de Nicasio Cartagena y María Elías Rodríguez. Fuera de la declaración de María Elías Rodríguez no hay evidencia que satisfaga a la corte de que Sínfora Rodríguez, conocida hoy por Sínfora Cartagena, era hija natural de Nicasio Cartagena. Según la declaración de María Elías Rodríguez y la prueba documental consistente en su propia declaración al inscribir a Sínfora Rodríguez en el Registro Demográfico de Aguas Buenas en 20 de junio de 1938 como hija legítima de Nicasio Cartagena, ésta nació en el año 1894, y según la fe de bautismo, nació en el año 1897. Considera la corte que desde el año 1894 ó 1898 hasta el año 1938, si Nicasio Cartagena hubiese tenido la intención de reconocer a Sínfora Rodríguez como hija natural suya, tuvo tiempo y oportunidad para hacerlo; y si María Elías Rodríguez hubiera deseado que el hombre con quien contrajo matrimonio en el año 1932 hubiere reconocido a su hija nada más fácil hubiera sido que consignarlo así en la declaración prestada por los contrayentes en la celebración del matrimonio. Nada de esto se hizo, lo que lleva al Tribunal a la conclusión de que Nicasio Cartagena no reconoció a Sínfora Rodríguez, conocida hoy por Sínfora Cartagena, como hija natural suya.''

Si el ministro evangélico que celebró el matrimonio de Cartagena López con la demandada Elías Rodríguez hubiera declarado en armonía con lo indicado por el abogado de los demandados y su declaración hubiera merecido entero crédito a la corte, la decisión final de ésta hubiera tenido que ser distinta ya que le hubiera proporcionado la evidencia necesaria para concluir que Sínfora era hija de Cartagena López y Elías Rodríguez, que nació antes de casarse Cartagena López con Josefa Hernández fallecida en 1928 y que quedó legitimada por el subsiguiente matrimonio de sus padres en 1932. Y entonces el tinte de maliciosa falsedad que según la demanda mancha y anula las inscripciones, desaparecería, quedando reducidos a meros errores cometidos de buena fe los que en ellas se advierten que podrían servir de base a un decreto de corrección pero no al de nulidad que se pide y que no serían suficientes para sostener la concesión de daños y perjuicios que se solicita ya que substancialmente la

realidad sería que Sinforosa Rodríguez, hija natural reconocida de Nicasio Cartagena López y Elías Rodríguez, nacida en 1897, quedó legitimada en 1932 por el matrimonio subsiguiente de sus padres y que sus hijos podrían ostentar válidamente el apellido de sus abuelos debiendo distribuirse la herencia de Cartagena López entre todos sus herederos incluyendo entre ellos a Sínfora o Sinforosa.

En tal virtud *debe revocarse la sentencia recurrida y el pleito devolverse a la corte de distrito de su origen para la celebración de un nuevo juicio.*